And we'll turn to our next matter, which is Toth v. The City of New York, Department of Education. Good morning, your honors. My name is Jerry Geza Toth. I'm appearing here on behalf of Henry Terence Toth, my son. Now, the court below committed three errors. Firstly, the court erred to rely on a magistrate's report after the parent's objections proved that the report was out of date and mistaken. The magistrate had foreseen that the department would not offer an IEP with reduced services. In fact, the department proved the magistrate mistaken immediately by serving a March 29th notice of termination of the child's one-to-one instruction with no replacement IEP. In fact, at the expiration of the IEP, the department didn't even provide a new IEP. The parents filed a due process hearing. And in violation of his right of pendency, the department didn't provide his one-to-one services. So we're talking about gross violations. What is it that you think you're entitled to right now that you don't have? Well, under the New York state constitution, my son has, and under the idea, my son has a right to an education. We understand that. But in terms of the details of the appropriate education that you're seeking under the statute, what is it in the way of support or services that you think you're entitled to that you don't have right now? Precisely. It's in the recommendation of the developmental pediatrician, Dr. Karen Hopkins, in the record at page A392. The department took away my son's education, and they didn't give it back. They deprived him of his constitutional rights. They didn't educate him. Does the new IEP in your motion that supplement the record provide for any one-on-one ABA therapy? No. In the supplemental record, that's at P108. It provided no one-to-one instruction. They provide- Why does it challenge that? How does that make your case not moot for compensatory education in the past? In other words, you've got a series of IEPs since 2012, and the most recent one seems to be a surprise to everybody that there's no ABA therapy in it in your motion to supplement. How does that affect past IEPs? That's the best evidence I have, that they offered an IEP with no one-to-one instruction. And if you challenge that today, you could litigate that for the next two years, and then the city's position would be, oh, sorry, it's now moot because we're past that year. You should come and challenge the new IEP, not the old one. Precisely in Rowley, the child needed a sign language interpreter. My son needed one-to-one instruction. It's really the same issue. The Rowley court said that- the Supreme Court said that where it's a recurring issue between the parties, it's not moot. And the department has clearly, every year, has provided IEPs with no one-to-one instruction. And they're- It's one of the arguments that you're making, that if in a given year in the past we were to determine that there was a failure to provide a free and appropriate education, that you might be today entitled to compensatory education that would be- I mean, this is a somewhat theoretical thing, I suppose, but that might be more than what you would get if you had a child who was at level whatever the child is at at this moment and applied for an IEP. Well, maybe, after all, you're not entitled to everything. They could give you something that's adequate. But you're saying, I'm entitled to more than just what is adequate to give my child some progress today because my child is today at a lower level than he would have been at if I had gotten a proper IEP three years ago, and therefore, in addition to whatever I could challenge today based on his situation at this moment, I'm entitled to extra. Is that the -? That's what compensatory means. That's precisely- Is that the idea?  The -. My son was actually learning and progressing. But you'd have to then establish, I suppose, that some particular form of compensatory additional education would actually be useful. Would, you know, if you have 10 hours of something, it's not the case that 15 would be, you know, past diminishing returns. You'd have to establish that. But we're not here about that. We're just here about whether it's moot, whether you should be entitled to make the argument that there is some compensatory education that you are entitled to today based on the failure from a few years ago that's independent of whatever you might be entitled to today just as a freestanding challenge to whatever programs they're offering you this year. Is that a fair way- Precisely correct. Initially, my son received 20 hours of one-to-one instruction. He was learning and progressing. He was attending a regular education school, and the regular education teacher testified that he made a big improvement. Then, for no reason, they took his education away. They robbed my son of an education. What they took away, they have not given back. He lost three years in an inappropriate school. But what are we to make of the stipulations, the agreements you entered into with the city resolving prior due process challenges? Well, it's important that this Court bear in mind that the keystone or the heart of the idea is the IEP, and there's a new IEP for each year, so that the they're trying to say that I entered into some kind of deal that waived my claims concerning 2013. In fact, those agreements concerned different IEPs in different years. They had nothing to do with the IEP, which I'm challenging in the complaint, which is 2013. My son regressed. He didn't learn anything, and I maintain that the government is asserting all kind of procedural objections to do as little as possible. I'm trying to do as much as possible. Put another way, if you were a millionaire, and after you objected to the 2013 plan, you put your son in a private school and paid the bill for it, there would be no question of mootness because we'd still be litigating and could litigate forever the question of the 2013 plan. And if we decided ultimately that you were right and they were wrong, they would have to pay for the bill that for your private schooling for 2013. But if you're not a millionaire and you can't front the money for a public for private school, then they're saying that when you get to the end of that school year, it's all moot. And there's nothing more that they're obligated to do because you're challenging a past year that's over. And in the following year, they gave you some stuff based on what the following year's and so the past is the past. That's what they're saying here, right? And you're challenging that. You're saying that somebody who doesn't have the bucks to put somebody in a put the child in a private school up front back then and take the risk as to whether you're going to get compensation or not, then you can litigate forever. But if you're not that person, you can no longer litigate once that school year is over. That's the position that you're objecting to. Is that right? Precisely. Dr. Karen Hopkins taught at Albert Einstein Medical School. She's now a professor at NYU Medical School. She's written 18 articles and abstracts. She's been an advisor to the Department of Health. She was a director at Bellevue Hospital of the Early Intervention Program. And she testified that the deprivation of education in 2013 continues to affect my son. And her testimony is unopposed. The department offered no expert. They just sent lawyers asserting procedural objections. They're offering all kinds of reasons not to educate my son. Time's up, but you have a couple minutes you've reserved. Would you rather use them now or later? I'll wait. You'll wait. Okay, great. Thank you. Mr. Lee. Good morning, Your Honors. The district court properly dismissed this case as boot because it correctly determined that it could no longer grant Mr. Toth his requested relief. Now, why is that? First of all, let me make sure I'm right about my hypothetical. If Mr. Toth had had the funds and had made the decision to put his son in a private school for 2013 and was requesting reimbursement of those tuition bills, there's no question that there would not be the case would not be moot, notwithstanding whatever services he was provided for other school years. Is that right? Yes, but that's a different case, Your Honor. Yeah, that's a different case because the guy is rich. Okay. No, no. Now let's look at this case. He is saying that in 2013, the IEP was inadequate. And as a consequence, he should be entitled to some compensatory education. That's his claim. Now, can you tell me why that claim is moot, that he's entitled to something extra that some other similarly situated person who arrived in New York with a child with similar worse off today than he would have been if he had had a proper IEP in 2013? Why is that not a viable claim? I understand on the merits it might be a very hard claim to establish for a whole host of reasons, but why is that not something that he's entitled to pursue just as much as the rich guy gets to pursue a right to reimbursement? Well, Your Honor, I think it's important to understand what the basis of his objection was to this IEP. And first of all, it was not his first objection to this IEP. It was his second objection. So in the first objection to the IEP, that was resolved when the department agreed to give him 10 ABA hours. Then two months later, he turns around and files another objection. And in that objection, he objects to, I guess, he objects to the composition of the committee. He objects to the sufficiency of the evidence that the committee had considered. And he objected to the fact that the school was not that the public school was operating on a different methodology. And fundamentally, he wanted his son to go to the private school. Maybe so. Maybe so. But I'm trying to understand what the argument is then. I thought the argument and the ruling of the district court was that the case was moot, not that the case that he had no right to file that second objection because the second he'd already settled this and that settled for the year and he can no longer file new objections. Am I wrong about that? The district court did find it moot because the district court said his desire to have his son attend Brooklyn Autism Center, that school had denied his son admission. And so there's no question that that component of it, but that was the heart of what his due process complaint was about. He wanted his son to go to that school because that school has the type of methodology and the programming that he wanted. So in the interim, so this is moot because since he filed that complaint, not only did the school deny his son admission and he sought a preliminary injunction and that was also denied, the department arranged for his son to go to a school that had the methodology that he wanted his son to have. And then also the department has since April 2014 given him 15 hours of ABA therapy, which is what he claimed he wanted. That's what he wanted then. Is there not a harm to the child, assuming that he was entitled, I don't know whether he was entitled, that's the merits of this case. Assuming that he was entitled to 15 hours of ABA treatment or whatever the thing is that he asked for, assuming he was entitled to that in 2013, was he not harmed by not getting it? Why does the fact that in 2014 it was decided that the child needed 15 hours and he was given that, why does that make up for the failure to provide the services in 2013 that hypothetically he was entitled to? Right. So it doesn't because when he asked for those 15 hours in subsequent instances, he was presumably operating on a basis of what does my son need at this current moment. He said for compensatory education my son needed 15 hours. He got the 15 hours the year immediately after he asked for it and he got it the year after that. And in fact, I know Mr. Toth wants to bring in all these other due process complaints which we allege are not even relevant, but just so your honor, just so this panel knows, his son actually has been getting 15 hours since that period basically uninterrupted until this point. But those 15 hours were characterized as compensation for a past failure? They weren't characterized as a compensation for a past failure, but they weren't given in a vacuum and nor were they asked in a vacuum. But is it not the usual position of the Department of Education in all these cases that we see case after case, year after year, that each year, A, that each year stands on its own two feet, right? And B, that a free and appropriate public education is not necessarily everything that you need or would like. It's just enough to make you make educational progress. So I'm not sure how that is totally equivalent, that you get 15 years of services in whatever form today because that's what you need to give you an appropriate education given who you are right now. I'm not sure that's the same thing as saying you might be somebody who was already further advanced right now if you had gotten an appropriate program last year. You see what I'm saying? Two kids come in. One has never, the city has never done anything bad to them and they're applying for the first time and the idea is, well, we'll give you that much service, that's okay. This person comes in at the same level, but maybe he would have been at a different level, maybe would have had been able to progress more if last year's program had been okay. And I'm trying to, and I grant you on the merits, that might be a very difficult thing to establish. Maybe the answer would be, no, that's not going to help. You're already irredeemably harmed by what happened before. Sorry, but we can't do anything more. Or maybe it would be, yeah, but there's a point of diminishing returns on this. You can only get 15 hours. We give you 20 hours. Nobody can take 20 hours of this kind of service. There's nothing extra that can be given. But those are arguments on the merits. That's not a question of whether it is moot to be able to was inadequate in the past and ask for, whether or not you'd get it, whether or not you're entitled on the merits to it, some compensation. Am I making any sense? Can you? I think so. Let me try to answer in two parts. Okay. So I think, again, the crux of his complaint truly was wanting his son to go to that school. Now, he, so... That piece is moot. That can happen. Right. But just so you, so just to provide context, the both administrative officers rejected the merits of his due process complaints. And of course, in the meantime, as I was, as we explained in the brief, and I was trying to say earlier, which is that the school gave him those 15 hours. And that's what he asked for. He asked for just an increase of the 10 to the 15. Now, the reason why that, given his repeated due process complaints and given the department's repeated willingness to give him 15 makes this matter moot is because that's what he asked for. Also, the nature of compensatory education, it is understanding what the child needs at the time that he suddenly is in a position to get that compensatory education. It is not... It sure seems from the recommended ruling of the magistrate judge and the acceptance of it by the district court that it was contemplated that in the next IEP, it would continue. But in the newest IEP that's attached to the motion here, it's gone. It seems as if they would have concluded differently on mootness if they had known that. Am I wrong about that? Well, I think... So two points on that. Because I think the district court at the same time recognized that they do stand on their own. But I think, and she was also explaining that, the issue at this case, even from the original due process complaint, wasn't about one-to-one. It was, should my son go to that private school? And so the issue of... I know Mr. Toth in his and the fact that in each IEP he hasn't been getting it, which, by the way, the department hasn't been giving because two administrative hearing officers said that, as a general matter, putting aside what he wants, there is no denial of faith. But putting that aside, and we've been willing to agree to give him that 15 hours, that's not really what this case is about, which is why that understanding doesn't... Their sort of... That part of the decision doesn't make it defective in saying that it's moot. It's moot because the school that he wants no longer wants him admitted. He's already been arranged to go to a school with the programming that he wants, and the department has given him the 15 hours, which is what he wanted in the first place. And again... But not in the new IEP. My understanding is, and I spoke to the department just yesterday, is that he still continues to get the 15 hours. And in fact, he has gotten some other, I think, other sort of tutoring services. So the fact that the IEP, in particular, given the fact that they have to review his son's circumstances each year, they don't give it to him. It's because the department's position is that he doesn't need it. And that certainly is validated by the determinations by the two administrative hearing officers that he doesn't need it. And I just want to answer Judge Lentz's final question about the merits and whatnot. I think this goes to, as I was explaining, this case is originally about getting his son to that private school. Almost over a year later, he moves, he has a cross motion to amend his complaint. I think he realized that it is moot. And so he then says, actually, what I'm really here about is I want additional hours. He put in that application. We, of course, oppose it. And the magistrate judge looked at that and said, this proposed amendment is futile. And that's where he comes the closest, I think, Judge Lentz, to Magistrate Judge Ornstein, to your son. Frankly, even if we were to consider what you think this case is really about in your proposed amended complaint, it is futile. There is no case here. And of course, we point out in our briefs, he doesn't object to that recommendation before Judge Towns. He doesn't even really, frankly, appeal that decision here. He still continues to maintain that a case about his son's attendance at a private school is about one-to-one. And that's just, frankly, not the case. And I think if you look at the administrative record, that's clear. Your time has expired. Thank you. Mr. Toth, you have two more minutes. Now, my colleague here said there's no denial of a fape. He never argued that below. His argument below was dismissing for mootness. And he's arguing the merits without evidence. The magistrate, in his report, stated that he recommended against dismissal of the complaint for failure to state a claim. And the magistrate said that, and in fact, the court also said that if the department issued an IEP with diminished services, then the case was not moot. Lo and behold, that's precisely what the department did. It issued in August a retroactive IEP providing no one-to-one services. And the matter was clearly before the court on the March 29 notice of termination of one-to-one services without providing any new IEP that the department was canceling and terminating his services and providing an inappropriate IEP. So on the one hand, he's trying to argue the merits without a hearing on the merits, without evidence, without any witnesses. The opinions below were preposterous. There were 12 witnesses. And the only witness on which the IHO and the SRO based their opinion was a witness whose testimony was clearly ridiculous. She couldn't even name the methodology in her school. She said it was teaching of autistic communication. She didn't know what it meant. Meanwhile, the Dr. Hopkins, who's tremendously qualified, the hearing officer dismissed her and wouldn't consider her testimony because she stated she did not recall what that acronym meant. So the magistrate did not adopt the opinions of the IHO and SRO as my friend here suggests that this court should. And then he mentions the continuing willingness of the department. That's not the case at all. Every year, they have fought me tooth and nail about the services. And in 2016, I had to file not one but two cases. They were determined to terminate all the services once again. So the — Kennedy. Thank you, Mr. Tocqueville. Tocqueville. Thank you. Kennedy. We have your arguments, and we'll reserve decision on this case. Thank you. We'll proceed with our last — Tocqueville. May I make one last sentence? Kennedy. Yeah. Go ahead. Tocqueville. This Court can grant relief. This Court has the power to grant relief. Therefore, the child is 10 years old. He could live 60 more years. How could the case be moved? With a child, nothing is ever over. And this Court has the power to grant meaningful relief. Thank you. Kennedy. Thank you, Mr. Tocqueville. Like I said, we'll reserve decision, and we'll —